

**EXHIBIT A**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**05/31/2019** at 01:14:03 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

ANNETTE C. CLARK, ESQ. (SBN 208216)
RYAN J. CARLSON, ESQ. (SBN 308270)
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
1230 Columbia Street, Suite 930
San Diego, California 92101
Tel: (619) 232-5700
Fax: (619) 232-2206
Email: aclark@ctsclaw.com; rcarlson@ctsclaw.com

Attorneys for Plaintiff **DANIEL CHAVEZ,**
**and all those similarly situated**

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE - CIVIL COMPLEX CENTER

| | |
|---|---|
| DANIEL CHAVEZ, on behalf of himself and all others similarly situated; <br><br><br> Plaintiff, <br><br> vs. <br><br> CHARTER COMMUNICATIONS, LLC, a Delaware corporation; and DOES 1-25 inclusive; <br><br><br> Defendants. | Case No.: 30-2019-01073193-CU-OE-CXC <br><br> Judge William Claster <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** <br><br> 1. **Failure to Pay Overtime Wages;** <br> 2. **Failure to Provide Rest Periods;** <br> 3. **Failure to Provide Meal Periods;** <br> 4. **Failure to Provide Accurate Itemized Wage Statements** <br> 5. **Failure to Make Semi-monthly Payments;** <br> 6. **Waiting Time Penalties;** <br> 7. **Failure to Maintain Accurate Records;** <br> 8. **Unfair Business Practices in Violation of Bus. & Prof. Code § 17200;** <br> 9. **Theft of Labor;** <br> 10. **Unjust Enrichment – Restitution;** <br> 11. **Representative Action under the Private Attorney General Act; and** <br> 12. **Declaratory Relief** <br><br> **Jury Trial Demanded** <br><br> CX-104 |

# NATURE OF THE ACTION

1.      Plaintiff DANIEL CHAVEZ ("Plaintiff" or "Mr. Chavez") brings this class action

and PAGA representative action on behalf of all similarly situated aggrieved employees, against

Defendants CHARTER COMMUNICATIONS, LLC ("Defendant" or "Charter"), for wage and

hour violations committed by Charter.

2. As explained in much greater detail below, it is generally alleged herein that Defendant has engaged in a company-wide practice of misclassifying their Direct Sales Representative ("DSR") employees as outside salespeople exempt from overtime laws. This is so despite the fact that neither Plaintiff nor any other similarly situated, aggrieved employee spent more than 50% of their time selling goods or services out in the field and neither Plaintiff nor any other DSR met the requirements to be considered exempt under any other legally-recognized exemption. As a result of this misclassification, it is alleged that Defendants have implemented and enforced a long-standing policy of not paying overtime premium wages and not affording to DSRs their statutorily mandated meal and rest breaks and, in so doing, have committed further derivative violations of California wage and hour laws.

## **PRELIMINARY STATEMENT**

3. This Class Action Complaint is brought pursuant to section 382 of the Code of Civil Procedure ("CCP") and seeks relief for claims brought by Mr. Chavez as an individual and on behalf of other similarly situated current and former aggrieved employees of Charter and Does 1-25, inclusive, in California, who meet or met within the applicable class period the Class definition(s) ("The Class").

4. In addition, Plaintiff seeks to represent a class of aggrieved employees for purposes of representative claims for civil penalties arising under the Private Attorney General Act of 2004 ("PAGA").

5. The Class Period is designated as any time within the four years prior to the filing of this Complaint.

6. Plaintiffs seek to recover damages, restitution, statutory penalties, civil penalties, costs of suit and attorney's fees, and to obtain injunctive relief, as a result of Charter's unlawful actions as described more fully below.

## **THE PARTIES**

7. At all times mentioned herein, Plaintiff was a resident in the County of Los Angeles within the State of California. Plaintiff was employed as a DSR by Charter and its predecessor

company, Time Warner Cable for 23 years, until his resignation on January 4, 2019.

8.     Plaintiff is informed and believes, and based thereon alleges, that Time Warner Cable merged with Charter Communications on or around May 2016. Unless indicated otherwise, when reference is made to "Defendants" or "Charter," it shall be in reference to both Charter Communications and Time Warner Cable collectively.

9.     Charter is a Delaware corporation that is registered to do business in the State of California.

10.    Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise of defendant DOES 1 through 25, inclusive. Such fictitious defendants are sued pursuant to the provisions of Code of Civil Procedure section 474. Plaintiff is informed and believes, and based upon such information and belief, alleges that each fictitious defendant was in some way responsible for, participated in, or contributed to the matter and things of which Plaintiff complains of herein, and in some form and under some theory, is subject to liability therefore. When the exact nature and identity of such fictitious defendants is determined, Plaintiff will seek leave to amend this Complaint to set forth the same.

11.    At all times relevant herein, all defendants were the agents, servants, employees and/or employer of each and every other defendant. Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, scheme, and plan.

12.    All Defendants, Defendants' founders, owners and executive officers, and each of them, directed, authorized, were on notice of, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct.

## JURISDICTION AND VENUE

13.    The Superior Court of the State of California has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

14.    This Court has jurisdiction over this action pursuant to California Code of Civil Procedure section 410.10.

15.     Venue is proper in the Superior Court of Orange County, California pursuant to Code of Civil Procedure section 395.5 because Charter Communications has an office in Orange County and the liability arose in this county.

16.     On or around October 5, 2018, Plaintiff, on behalf of himself and the Class of aggrieved employees, sent to the California Labor and Workforce Development Agency ("LWDA") and Defendants a notice of claims pursuant to Labor Code ("Lab. Code") §2699.3. As of the date of this filing, the LWDA has not provided a response to that notice.

## GENERAL ALLEGATIONS

17.     During the relevant statutory period, Plaintiff and Class Members were employed by Charter as DSRs. In that capacity, Plaintiff and the Class sold phone, internet and cable services to members of the local community and installed and connected the equipment required to operate the phone, internet and cable services that they sold.

18.     In their capacity as DSRs, Plaintiff and Class Members were classified as exempt under the outside sales exemption and compensated with a base salary plus commissions. Plaintiff's base salary was $40,000.00. DSRs were also paid commissions based on the number of phone, cable and internet services sold *and* connected ("Completed Connections"). Thus, in addition to selling the services themselves, Plaintiff and the Class installed the necessary equipment for, and connected the services they sold to, each customer. Their commissions were only deemed "earned," and therefore due and payable, upon the completion of both the sale of services *and* the successful installation and connection thereof.

1.     Plaintiff and the Class typically installed immediately, or within a day or two of the sale, all of the equipment necessary to run the services that were sold to a given customer. Providing installation and connection services to each customer was a lengthy process that generally took substantially more time than the actual sale of the services sold. As a result, the vast majority of Plaintiff's and the Class' workday – i.e. well over 50% – was spent in the field *providing* installation and connection services, rather than actually *selling* those services. The remaining portion of each workday was spent in the field or at home making or returning sales calls from existing and/or prospective customers.

2. In total, Plaintiff and the Class typically spent about 10-12 hours per day selling and performing services under the direction and control of Defendants. Moreover, Plaintiff and the Class often worked at least six, and many times seven, days per week in order to accomplish the installations that were required in order for them to earn commissions.

3. At all times relevant hereto, Defendants enforced, promoted and maintained a company-wide policy and practice of classifying Plaintiffs and the Class as exempt from various wage and hour laws such as those set forth in the Lab. Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

4. As a result of being classified as exempt by Defendants, neither Plaintiffs nor the Class ever received overtime compensation when they worked more than eight hours in a single workday, more than 40 hours in a single workweek or seven consecutive days in a row ("Overtime Hours[1]").

5. As a result of their classification as exempt, neither Plaintiff nor the Class were ever authorized or permitted to take their statutorily mandated 30-minute meal breaks or 10-minute rest breaks. Given the volume of work assigned to them by Defendants, it was practically impossible for Plaintiff and the Class to take these statutorily-mandated breaks. Neither Plaintiff nor the Class ever received from Defendants any premium wages equivalent to their regular hourly rates for each meal and/or rest break not authorized and permitted.

6. As a result of the foregoing, none of Plaintiff's or the Class' itemized wage statements reflected the amount of Overtime Hours they worked and should have been paid, but were not. Nor did their wage statements reflect the number of missed meal and/or rest breaks accrued and premium wages paid therefore. As a result of Defendants' failure to provide this information on the DSR's wage statements, no DSR during the relevant time period was able to accurately compute the regular or overtime hours they worked, or the amount of wages they were lawfully owed.

7. Based on Defendants' classification of Plaintiff and the Class as exempt and Defendants' resulting failures to track overtime hours worked and meal and rest breaks taken and

---

[1] Unless otherwise indicated, the term "Overtime Hours" as used herein is intended to encompass the definition and concept of "Overtime" as same is set forth in Wage Order 4-2001.

not taken, Defendants failed to maintain accurate records as required by Lab. Code §1174.

8. Plaintiff resigned from his employment with Defendants on or around January 4, 2019. As of the date of this filing, Plaintiff has not received all compensation owed to him, including, but not limited to, all incentive-based wages, premium wages owed to him for working Overtime Hours and premium wages for not being authorized or permitted to take statutorily-mandated meal and rest breaks.

9. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, had knowledge, or reasonably should have had knowledge, that the conditions and job duties of Plaintiff's and the Class' position as DSRs were not such that Plaintiff and the Class were exempt employees for purposes of, *inter alia*, overtime compensation, their entitlement to meal and rest breaks, and their entitlement to receive accurate itemized wage statements. This knowledge could be, or could have been, derived from facts readily available to Defendants at all times relevant hereto, including the fact that Plaintiff and Class Members spent a substantial amount of time performing company-mandated tasks unrelated to sales activities, such as installs and connections. Plaintiff is informed and believes and based thereon alleges, that a review of Defendants' business records, which documented the hours DSRs spent on non-sales activity (which were necessarily kept in order for Defendants to pay commissions), would have allowed for any reasonable person to easily make this determination. Plaintiff is informed and believes, and based thereon alleges, that Defendants, with the actual or constructive knowledge of the foregoing fact(s), purposefully, intentionally and knowingly chose not to consider, or purposefully, intentionally and knowingly disregarded, such facts when compensating employees and enforcing company policies as required by law.

## **CLASS ALLEGATIONS**

10. <u>Class Definition.</u> Plaintiff seeks to represent the following class of persons: All current and former employees of Charter within California who, at any time within the four years prior to the filing of this Complaint, worked as a non-exempt DSR. These employees will be referred to herein as "The Class" or "Class Members."

11. In addition to the Class, Plaintiff seeks to certify and represent the following

subclasses of persons:

    a. <u>"Overtime Subclass":</u> All current and former employees of Charter within California who, at any time within the four years prior to the filing of this Complaint, were employed by Defendants as DSRs and who worked overtime hours but were not compensated with any premium overtime wages;

    b. <u>"First Meal Period Subclass":</u> All current and former employees of Charter in California who, at any time within the four years prior to the filing of this Complaint, were employed by Defendants as DSRs and who were not provided an unpaid meal period of 30 minutes or more before the fifth hour of work;

    c. <u>"Second Meal Period Subclass":</u> All current and former employees of Charter in California who, at any time within the four years prior to the filing of this Complaint, were employed by Defendants as DSRs and who were not provided a second unpaid meal period of 30 minutes or more before the tenth hour of work;

    d. <u>"Rest Period Subclass":</u> All current and former employees of Charter in California who, at any time within the four years prior to the filing of this Complaint, were employed by Defendants as DSRs and who were not provided an uninterrupted rest period of ten minutes for every four hours of work or major fraction thereof;

    e. <u>"Waiting Time Period Subclass":</u> All current and former employees of Charter in California who, at any time within four years prior to filing this complaint, were employed by Defendants as DSRs and who were not paid all of their wages owed and due at the end of their employment with Defendants; and

    f. <u>"Wage Statement Subclass":</u> All current and former employees of Charter in California who, at any time within four years prior to filing this complaint, were employed by Defendants as DSRs and who did not receive accurate, itemized wage statements.

    12. <u>Ascertainable Class.</u> The Class is ascertainable because Class Members can be readily identified from records and computer databases maintained by Charter. Charter possesses,

or should possess, exact information regarding each Class Member and wages earned thereby, as all employers are required to keep records of both current and former employees' personnel and payroll records pursuant to both California and Federal law.

13. <u>Community of Interests - Commonality.</u> There is a well-defined community of interest in questions of law involving and affecting The Class and proposed Subclasses, in that Charter – on a class-wide basis – violated the same wage and hour laws in the same manner with respect to all members of the Class, and Charter has a uniform policy of subjecting all of the Class to the same unfair, illegal, and deceptive business practices alleged herein.

14. Questions of law that are common to the entire Class as a whole include, but are not limited to:

    a.   Whether Plaintiff and Class Members were misclassified as exempt.

    b.   Whether Plaintiff and Class Members received premium wages for all overtime hours worked, in accordance with the California Labor Code ("Lab. Code") and California Industrial Welfare Commission Wage Order 4-2001 ("Wage Order");

    c.   Whether Plaintiff and Class Members received their statutorily-mandated meal breaks, or premium wages in lieu thereof, in accordance with Lab. Code §512 et seq. and/or Wage Order §11;

    d.   Whether Plaintiff and Class Members received their statutorily-mandated rest breaks, or premium wages in lieu thereof, in accordance with Lab. Code §226.7 and/or Wage Order §12;

    e.   Whether Defendants failed to timely and fully compensate Plaintiff and Class Members in accordance with Lab. Code §§200-204 et seq.;

    f.   Whether Plaintiff and Class Members received accurate itemized wage statements in accordance with Lab. Code §226 and/or Wage Order §7(B); and

    g.   Whether Plaintiff and Class Members received waiting time penalties as required by Lab. Code §203 based on Defendants' failure to compensate them with all wages owed and due upon at the end of their employment with Defendants.

///

15.     <u>Community of Interests – Typicality.</u> Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and Class Members were both subjected to the same wrongful acts, omissions, business practices, and/or conduct of Defendants as alleged herein, and, as a consequence thereof, Plaintiff has sustained injuries and damages similar to those sustained by the Class.

16.     <u>Community of Interests – Adequacy of Representation.</u> The representative Plaintiff can adequately represent all members of the class. Plaintiff maintains no interests antagonistic or diametrically opposed to those of the Class. Moreover, Counsel for Plaintiff is highly experienced in litigating and managing class actions and will competently represent Plaintiff's and the Class' interests to the fullest extent.

17.     <u>Numerosity.</u> The members of the class are so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the court. While the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the Class consists of at least 25 members.

<u>Superiority of Class Adjudication.</u> A single class action is superior to numerous individual actions as a means of adjudication the claims.  Plaintiff is informed and believes, and on that basis alleges, that the persons in the putative class are so numerous that joinder of all such persons is impracticable and that the disposition of their claims as a class will benefit the parties and the court. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual members of The Class, establishing incompatible standards of conduct for Charter and resulting in the impairment of rights of The Class.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

***(Lab. Code §§510 and 1194, and Wage Order No. 4-2001 §3)***

18.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

19.     Pursuant to Lab. Code §§510 and Wage Order 4-2001, Plaintiff and Class Members were entitled to receive overtime wages at a rate equal to one and one-half times (1.5x) their regular

hourly rate equivalent for any hours worked in excess of eight (8) within the first six (6) days of same workday, one and one-half times (1.5x) their regular hourly rate equivalent for the first eight (8) hours worked on the seventh consecutive workday within the same workweek, two (2x) times their hourly rate equivalent for any hours worked in excess of twelve (12) during the first six (6) days of the same workweek, and two times (2x) their hourly rate equivalent for all hours worked in excess of eight (8) on their seventh consecutive workday within the same workweek.

20. Defendants' practices of classifying Plaintiff and the Class as exempt and compensating them as described hereinabove resulted in Defendants' categorical failure to compensate Plaintiff and Class Members for any and all overtime hours that they worked.

21. As a direct result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages to the extent they were not paid the overtime wages they were owed, in an amount to be determined according to proof at trial.

22. Pursuant to Lab. Code §§1194 Plaintiffs and Class Members are entitled to recover the full amount of unpaid overtime wages, interest thereon, reasonable attorney's fees, and costs of suit, all in an amount to be determined according to proof at trial.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### *(Lab. Code §226.7, Wage Order 4-2001 §12)*

23. Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

24. Wage Order 4-2001 §12 provides as follows:

> "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

25. Pursuant to California Lab. Code §226.7:

> "If an employer fails to provide an employee a Meal Period or Rest Break or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the Meal Period or Rest Break or recovery period is not provided."

26. Throughout the course of Plaintiff's and Class Members' employment with Defendants, Plaintiff and Class Members were frequently scheduled to work, and worked, shifts that exceeded four (4) hours during which Defendants failed to make available, provide, offer, and/or relieve Plaintiffs and Class Members of all duties for purposes of, a 10-minute Rest Break as required by Wage Order 4-2001 §12 and Lab. Code §226.7.

27. Despite not making available to Plaintiff and Class Members a statutorily mandated rest break as explained hereinabove, Defendants failed to compensate Plaintiff and Class Members with the additional one hour of premium pay pursuant to Lab. Code §226.7 and Wage Order 4-2001 §12(B).

28. As a direct result of the foregoing, Plaintiffs and Class Members have suffered harm in the form of the unpaid premium wages that Defendants have failed to pay for having not provided statutorily-mandated rest breaks. The amount of said harm shall be determined according to proof at trial.

29. As a further result of Defendants' conduct and actions as alleged herein, Plaintiff and Class Members have been required to and did retain legal counsel, resulting in the accrual of attorney fees, costs and other legal expenses in an amount to be determined at trial. Plaintiffs are entitled to an award of reasonable attorney fees and costs of suit in accordance with applicable law pursuant to Lab. Code §226.7 et seq.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PEROIDS

### (*Lab. Code §§226.7, 512(a) and Wage Order 4-2001*)

30. Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth

and referenced herein.

31.    Lab. Code §512(a) provides, in relevant part, as follows:

"(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

32.    Wage Order 4-2001 §11 provides, in relevant part, as follows:

"Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on-duty meal period and counted as time worked. An on-duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

33.    Lab. Code §226.7(c) provides, in relevant part, as follows:

"(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

34.    Plaintiff and the Class rarely, if ever, worked shifts lasting fewer than five (5) hours.

35.    Plaintiff and the Class signed neither an agreement authorizing on-duty meal periods, nor a meal period waiver. Moreover, the nature of their duties *did* reasonably allow for a duty-free 30-minute meal period to be provided by Defendants. Defendants simply rendered meal periods unavailable and unfeasible by overscheduling each class member with too much work during normal business hours, which was when most sales were made and installations were performed due to client/customer demand.

///

36. Notwithstanding the above, Plaintiff and Class Members worked numerous shifts exceeding five (5) hours without receiving their statutorily mandated 30-minute meal break and did not receive premium wages equal to one hour at their standard hourly rate when meal periods were not provided.

37. Plaintiff and Class Members also worked numerous shifts exceeding ten (10) hours without receiving their second statutorily mandated 30-minute meal break and did not receive premium wages equal to one hour at their standard hourly rate when meal periods were not provided.

38. As a direct result of the foregoing, Plaintiff and Class Members have suffered harm in the form of the unpaid premium wages that Defendants have failed to pay for having not provided statutorily-mandated meal breaks. The amount of said harm shall be determined according to proof at trial.

39. As a further result of Defendants' conduct and actions as alleged herein, Plaintiff and Class Members have been required to and did retain legal counsel, resulting in the accrual of attorney fees, costs and other legal expenses in an amount to be determined at trial. Plaintiff and the Class are entitled to an award of reasonable attorney fees and costs of suit in accordance with applicable law pursuant to Lab. Code §226.7 et seq.

## **FOURTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

#### (*Lab. Code §226, Wage Order 4-2001*)

40. Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

41. Labor Code §226 subdivision (a) requires, in pertinent part, that:

> "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of §515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on

written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ..."

42.     Plaintiff and the Class were paid on a bi-weekly basis. Accordingly, they were to receive itemized wage statements compliant with Lab. Code §226(a) every other week.

43.     Because Defendants categorically failed to account or compensate Plaintiff and the Class for Overtime Hours worked and meal and rest break premium wages owed, none of that information was ever reflected on any of the itemized wage statements distributed by Defendants. As a result of this information missing, neither Plaintiff nor the Class was ever able to verify any accuracy the amounts they were truly owed or the basis of the wages they were paid.

44.     Pursuant to Lab. Code §226(e)(1), Plaintiff and Class Members have suffered injury as a result of a knowing and intentional failure by Defendant to comply with §226(a) and are therefore entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees all in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO MAKE SEMI-MONTHLY PAYMENTS

#### (*Lab. Code §204*)

45.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

46.     Pursuant to Lab. Code §204, "all wages ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

47.     Pursuant to Lab. Code §204(b)(2), all earned wages must be paid no later than the payday for the next regular payroll period following the payroll period in which the wages were

earned.

48.     Plaintiff and Class Members have earned, incentive, regular and premium wages that, to date, have still not been paid by Defendants in violation of Lab. Code §204.

49.     At all times relevant hereto, Defendants maintained, and still continue to maintain, a practice of failing to pay their employees, including Plaintiff and Class Members, all earned wages, including, but not limited to, all earned incentive, regular and premium wages and amounts incurred in the discharge of their duties.

50.     Plaintiff and Class Members are informed and believe and based thereon allege that Defendant engaged in the misconduct alleged above with the intent to secure for themselves a discount on their wages payable and/or deceive or oppress Plaintiff and Class Members. The exact amount of any and all shall harm will be determined according proof at trial.

51.     In committing the violations of state law alleged herein, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members with all earned wages.

52.     As a direct and proximate result of the aforementioned conduct, Plaintiff and Class Members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, and lost interest on such monies, and have accrued substantial attorney's fees in seeking to compel Defendants to fully perform their obligations under state law.

53.     Plaintiff and Class Members have been deprived of their rightfully earned wages as a direct and proximate result of Defendants failure and refusal to pay the aforementioned amounts. For the reasons stated herein, Plaintiff and Class Members request the unpaid wages, interest, attorney's fees and costs, and all other forms of relief which the Court deems just and proper, in an amount to be determined according to proof at trial.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES

***(Lab. Code §201, 202, & 203 et seq)***

54.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

55. Lab. Code §201 provides, in relevant part, as follows: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately..."

56. Pursuant to Lab. Code §202(a):

> "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

57. Labor Code §203(a) provides, in pertinent part, that:

> "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

58. Pursuant to Lab. Code §226.7, an action may be brought for the nonpayment of premium wages which are the result of a missed meal period and/or rest break.

59. Plaintiff and Class Members have either been discharged from, or have quit, their employment with Defendants, but have not been paid the entire amount of earned wages that they are due and owed. Thus, Plaintiff and Class Members have not been paid by the Defendants pursuant to the requirements of Lab. Code §§201, 202, and/or 203.

60. Plaintiff and Class Members are informed and believe and based thereon allege that Defendants willfully failed to pay Plaintiffs and Class Members wages pursuant to the requirements of Lab. Code §§201, 202, 203, and 226.7, and, therefore, Plaintiff and Class Members are entitled the associated unpaid wages and waiting time penalties. By way of example: to date, Defendants have not paid Plaintiff and Class Members all earned incentive, regular and overtime wages or premium wages for missed meal and rest breaks.

61. In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members with all wages earned and/or for all hours worked and/or all meal and rest breaks missed.

62. As a direct and proximate result of the foregoing failure to pay all wages owed and due upon discharge or termination, in accordance with Lab. Code §201, 202, and/or 203, Plaintiff

and Class Members have been harmed, and continue to be harmed, in an amount to be determined according to proof of trial.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN ACCURATE RECORDS**

***(Lab. Code §§1174, et seq., and IWC Order 4-2001 §7)***

63.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

64.     Labor Code §1174(d) requires employers to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to…employees employed at the respective plants or establishments."

65.     IWC Order 4-2001 §7(a)(3) obligates an employer to keep accurate information with respect to each one of its employees' hours worked and meal periods taken.

66.     Plaintiff and Class Members are informed and believe based thereon allege that during all times relevant hereto, Defendant failed to comply with Lab. Code §1174, §1174(d), §1174.5, and Wage Order 4-2001, by failing to maintain certain records which they were required to maintain. Specifically, Defendant failed to maintain records which enabled them to accurately and correctly state, calculate and/or pay the regular and overtime hours worked and, therefore, gross and net wages earned, by Plaintiff and Class Members during each respective pay period.

67.     For the reasons alleged herein, Plaintiff and Class Members seek any and all available remedies including but not limited to civil penalties and attorney's fees and cost, in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**UNFAIR, UNLAWFUL BUSINESS PRACTICES**

***(Bus & Prof. Code §§1700, 17200, et. seq.)***

68.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

69.     Defendants' conduct, acts, omissions, behavior and/or practices as alleged

hereinabove, including but not limited to: failing to pay regular and overtime wages; refusing to make available to Plaintiff and Class Members statutorily required meal and rest periods; and, failing to timely compensate Plaintiff and Class Members with all wages earned and therefore due and owed, all constitute unlawful and/or unfair business practices in violation of California Bus. & Prof. Code §17200, et. seq.

70.     As a result of Defendants' conduct, Plaintiff and Class Members have suffered economic injury in the form of earned but unpaid overtime wages and premium wages deriving from meal and rest break violations.

71.     As a result of their unlawful and/or unfair business practices Defendant has realized and continue to realize the unlawful monetary gains and unfair benefits accrued at the expense of Plaintiff's and Class Members' earned wages in an amount according to proof at trial.

72.     Defendants should be enjoined from continuing to engage in the alleged activity and made to disgorge all unlawful gains and restore to Plaintiff and Class Members all unpaid overtime wages, plus interest thereon, and such other financial remedies as are available to Plaintiff and Class Members all in an amount according to proof at trial.

73.     Defendants have been/is continuing to be unjustly enriched through their wrongful conduct as alleged herein.

74.     Defendants have violated Business & Profession Code §17200's proscription against unfair and unlawful business practices. Plaintiff and the Class Members are therefore entitled to the relief prayed for herein, including, but not limited to, the disgorgement of profits obtained through the conduct described hereinabove.

## NINTH CAUSE OF ACTION

### THEFT OF LABOR

#### (*California Penal Code §484*)

75.      Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

76.     Defendants knew of, or reasonably should have known of, their statutory requirement to compensate Plaintiff and Class Members with overtime wages at a rate equal to one and one-half

(1.5x) times their regular rate of pay for any hours worked in excess of eight (8) within the same Workday, and/or double (2x) the rate of pay for hours worked in excess of twelve (12), within the same Workday.

77. Defendants knew of, or reasonably should have known of, their statutory requirement to provide Plaintiff and Class Members with a 10-minute rest break for every four (4) hours Plaintiff and Class Members worked.

78. Defendants knew of, or reasonably should have known of, their statutory requirement to provide Plaintiff and Class Members with a 30-minute meal break for every four (5) hours Plaintiff and Class Members worked. Further, Defendants knew of, or reasonably should have known of, their statutory requirement to provide Plaintiff and Class Members with a second 30-minute meal break for every ten (10) hours Plaintiff and Class Members worked.

79. Defendants knew that, or should have reasonably known that, Plaintiff and Class Members were not aware of their right to a meal or rest break, never took any of the meal or rest breaks to which they were entitled, and were never awarded premium wages as a result of missing their meal and/or rest break(s).

80. With that knowledge, Defendants caused Plaintiffs and Class Members to forfeit premium wages and unreimbursed amounts to which they were entitled to payment and/or reimbursement.

81. Defendants also knew, or reasonably should have known, of their duty to both timely and fully compensate their employees with all wages thereby earned, including premium wages for overtime and/or meal and rest break violations, in accordance with the provisions of Lab. Code §§201, 202, 203, and/or 204.

82. As a direct and proximate result, Plaintiff and Class Members have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation, overtime wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial.

///

83.     In addition, Plaintiffs and the Class are entitled to recover from Defendants punitive damages based on Defendants' intentional, reckless and/or willful acts aimed at purposefully depriving Plaintiff and Class Members of all wages earned and owed, all breaks to which they were entitled, and all premium wages they were owed as a result of those missed breaks, as described above in ¶35.

## TENTH CAUSE OF ACTION

### UNJUST ENRICHMENT – RESTITUTION

84.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

85.     At all times mentioned herein, there was an unjust benefit conferred upon Defendants by way of the services performed and/or overtime hours worked by Plaintiff and Class Members.

86.     At all times mentioned herein, Defendants were in receipt of compensation, wages and/or monies which had been earned by and which belonged to Plaintiff and Class Members.

87.     Defendants' retention of Plaintiff's and Class Members' premium wages is inequitable under the circumstances as outlined above and should be restored and returned to Plaintiff and Class Members.

88.     Plaintiff and Class Members seek restitution, or in the alternative, the imposition of a constrictive trust, on the funds inequitably received and/or retained by Defendants.

89.     As a direct result of Defendants' conduct Plaintiff and Class Members suffered damages and seek restitution in an amount according to proof at trial.

## ELEVENTH CAUSE OF ACTION

### PAGA REPRESENTATIVE ACTION

### (*Lab. Code §2699, et. seq.*)

90.     Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

91.     Lab. Code §2699(a), also known as PAGA, at subsection (a), provides, in relevant part, as follows:

> "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and

Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

92. Lab. Code §2699(c) provides as follows: "For purposes of this part, 'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

93. Lab. Code §2699(e) provides as follows:

"For purposes of this part, whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty."

94. Lab. Code. §2699.3(a), provides, in relevant part, as follows:

"A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

"(1)(A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

"(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

95. On or around October 5, 2018, Plaintiff, on behalf of himself and the Class, sent to the LWDA and Defendants a notice of claims pursuant to Labor Code §2699.3. As of the date of this filing, the LWDA has not provided a response to that notice.

96. Plaintiff and Class Members are "aggrieved employees" under the definition provided above, in that one or more of the violations listed hereinabove and hereinbelow were committed against each of them.

///

97.  <u>Failure to Pay Overtime:</u> Defendants' failure to pay all overtime wages owed constitutes a violation of Lab. Code §510 and Wage Order 4-2001 §3. Plaintiff and Class Members are therefore "aggrieved employees" under both of the foregoing statutes/Wage Order provisions. Lab. Code §558 provides for civil penalties to be assessed for violations of the foregoing statutes/Wage Order provisions. Defendant is therefore subject to the imposition of civil penalties pursuant to Lab. Code §558.

98.  <u>Failure to Provide Rest Breaks:</u> Defendants' failure to provide rest breaks constitutes a violation of Lab. Code §226.7 and Wage Order 4-2001 §12. Plaintiff and Class Members are therefore "aggrieved employees" under both of the foregoing statutes/Wage Order provisions. Lab Code §2699(f) provides for civil penalties to be assessed for violations of the foregoing statutes/Wage Order provisions. Defendants are therefore subject to the imposition of civil penalties pursuant to Lab. Code §2699(f).

99.  <u>Failure to Provide Meal Breaks:</u> Defendants' failure to provide meal periods, as explained hereinabove, constitutes a violation of Lab. Code §512 and Wage Order 4-2001 §11. Plaintiff and Class Members are therefore "aggrieved employees" under both of the foregoing statutes/Wage Order provisions. Lab. Code §558 provides for civil penalties to be assessed for violations of the foregoing statutes/Wage Order provisions. Defendant is therefore subject to the imposition of civil penalties pursuant to Lab. Code §558.

100.  <u>Failure to Provide Accurate Itemized Wage Statements:</u> Defendants' failure to provide itemized wage statements displaying all of the information required by Lab. Code §226(a)(1-9) constitutes a violation of Lab. Code §226. Plaintiff and Class Members are therefore "aggrieved employees" under the foregoing statute. Lab. Code §226.3 provides for civil penalties to be assessed for violations of the foregoing statute. Defendant is therefore subject to the imposition of civil penalties pursuant to Lab. Code §226.3.

101.  <u>Failure to Make Semi-Monthly Payments:</u> Defendants' failure to make semi-monthly payments of wages owed and due constitutes a violation of Lab. Code §204. Plaintiff and Class Members are therefore "aggrieved employees" under the foregoing statute. Lab Code §210 provides for civil penalties to be assessed for violations of the foregoing statute. Defendant is therefore subject

to the imposition of civil penalties pursuant to Lab. Code §210(a)(1-2).

102. <u>Failure to Pay All Wages Owed Upon Discharge:</u> Defendants' failure to pay all wages due and owed upon discharge constitutes a violation of Lab. Code §§202 and 203. Plaintiff and Class Members are therefore "aggrieved employees" under the foregoing statutes. Lab. Code §2699(f) provides for civil penalties to be assessed for violations of the foregoing statutes. Defendant is therefore subject to the imposition of civil penalties pursuant to Lab. Code §2699(f).

103. <u>Failure to Maintain Accurate Records:</u> Defendants' failure to maintain accurate records constitutes a violation of Lab. Code §1174. Plaintiff and Class Members are therefore "aggrieved employees" under the foregoing statute. Lab. Code §1174.5 provides for a civil penalty to be assessed for violations of the foregoing statutes. Defendants are therefore subject to the imposition of penalties pursuant to Lab. Code §1174.5.

## TWELFTH CAUSE OF ACTION

### DECLARATORY RELIEF

104. Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth and referenced herein.

105. There exists an actual, true and justiciable controversy between Plaintiff and Defendants. Plaintiff claims that both he and all Class Members were not exempt from the provisions of the Lab. Code and Wage Order 4-2001 discussed in great detail above. The conduct of Defendants in the way they treated, compensated and provided breaks (or not) to Plaintiff and Class Members, as set forth in great detail above, implies that Defendants considered Plaintiff and Class Members exempt for all such purposes.

106. Accordingly, Plaintiff and the Class requests that this Court issue an order holding that Plaintiff and all other Class Members be considered non-exempt from the California wage and hour laws discussed in detail hereinabove, including, but not limited to, Lab. Code §§202, 203, 226, 226.7, 510, 512, 1194, 1197 and Wage Order 4-2001 §§3, 11 and 12.

///

///

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of the Class, hereby prays for:

1. An order certifying that this action may be maintained as a class action for all purposes;

2. A decree that Plaintiff and Class Members be considered non-exempt as requested hereinabove;

3. Actual damages and interest thereon, in an amount to be determined according to proof at trial;

4. Emotional distress damages in an amount to be determined according to proof at trial;

5. Unpaid wages and interest thereon, in an amount to be determined according to proof at trial;

6. Punitive damages in an amount to be determined according to proof at trial;

7. Statutory penalties in an amount to be determined according to proof at trial;

8. Civil penalties in an amount to be determined according to proof at trial;

9. An order enjoining Defendants from engaging in the unlawful and unfair conduct as described hereinabove;

10. Disgorgement of profits resulting from Defendants' unfair and unlawful business practices;

11. Attorney's fees and costs; and

12. Any other legal and equitable relief the Court may deem just and proper

DATED: May 31, 2019

CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP

By:

ANNETTE C. CLARK
RYAN J. CARLSON
Attorneys for Plaintiff **DAVID CHAVEZ AND ALL OTHERS SIMILARLY SITUATED**

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL

DATED: May 31, 2019

**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By: _____

ANNETTE C. CLARK
RYAN J. CARLSON
Attorneys for Plaintiff **DAVID CHAVEZ AND ALL OTHERS SIMILARLY SITUATED**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHARTER COMMUNICATIONS, LLC, a Delaware corporation; and
DOES 1-25 inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL CHAVEZ, on behalf of himself and all others similarly
situated;

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**05/31/2019** at 01:14:03 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* CIVIL COMPLEX CENTER

Superior Court of California, County of Orange
751 W. Santa Ana Blvd., Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):* 30-2019-01073193-CU-OE-CXC
Judge William Claster

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Annette C. Clark (SBN 208216), Ryan J. Carlson (SBN 308270), Callahan, Thompson, Sherman & Caudill, LLP,
1230 Columbia St., Ste. 930, San Diego, CA 92101; (619) 232-5700.

DATE: 05/31/2019   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by Georgina Ramirez, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Annette C. Clark, Esq. (SBN 208216) Ryan J. Carlson, Esq. (SBN 308270)
Callahan, Thompson, Sherman & Caudill, LLP
1230 Columbia Street, Suite 930
San Diego, CA 92101
TELEPHONE NO.: (619) 232-5700    FAX NO.: (949) 261-6060
ATTORNEY FOR *(Name):* Plaintiff Daniel Chavez, et al.

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/31/2019** at 01:14:03 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.,
MAILING ADDRESS: 751 W. Santa Ana Blvd.,
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Daniel Chavez, et al. v. Charter Communications, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2019-01073193-CU-OE-CXC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge William Claster <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*  CX-104

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):* 12

5. This case [✓] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 31, 2019

Ryan J. Carlson, Esq./Annette C. Clark, Esq.
_____ ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# SUPERIOR COURT OF CALIFORNIA

**751 W. Santa Ana Blvd**

**Santa Ana , CA 92701**

**(657) 622-5300**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2019-01073193-CU-OE-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | (657) 622-5300 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ] ADR Information attached.

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
  - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
  - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date: 05/31/2019

Georgina Ramirez                                        , Deputy Clerk

## NOTICE OF CASE ASSIGNMENT

V3 INIT 100 (June 2004)

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|

Attorney or Party without Attorney:
CALLAHAN THOMPSON SHERMAN & CAUDILL
ANNETTE C. CLARK, ESQ. (208216)
1230 COLUMBIA STREET, SUITE 930
SAN DIEGO, CA 92101
  Telephone No: 619-232-5700

  Attorney For:   Plaintiff

Ref. No. or File No.:
PLF.0180013

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/11/2019** at 11:28:00 AM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

Insert name of Court, and Judicial District and Branch Court:
ORANGE COUNTY SUPERIOR COURT-CIVIL COMPLEX CENTER

Plaintiff:   DANIEL CHAVEZ, on behalf of himself and all others similarly situated
Defendant:   CHARTER COMMUNICATIONS, LLC, a Delaware corporation, et al.

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| | | | | 30-2019-01073793-CU-OE-CXC |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons, Class Action Complaint for Damages, Injunctive Relief and Restitution, Civil Case Cover Sheet, Civil Case Time Schedule, Notice of Case Assignment , Civil Complex Guidelines, Alternative Dispute Resolution (ADR) Information Packet, Alternative Dispute Resolution (ADR) Stipulation

3.   *a.*   *Party served:*     CHARTER COMMUNICATIONS, LLC, a Delaware corporation
    *b.*   *Person served:*   Becky Degeorge, Client Representative, CSC Lawyers, Registered Agent

4. *Address where the party was served:*   2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5. *I served the party:*
  a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
    service of process for the party (1) on *(date)*: Thu, Jun 06 2019 (2) at *(time)*: 10:00 AM
  (1)   [ X ]   (business)
  (2)   [   ]   (home)
  (3)   [   ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   [   ]   as an individual defendant.
  b.   [   ]   as the person sued under the fictitious name of *(specify)*:
  c.   [   ]   as occupant.
  d.   [ X ]   On behalf of *(specify)*:   CHARTER COMMUNICATIONS, LLC, a Delaware corporation
    under the following Code of Civil Procedure section:
    [ X ]  416.10 (corporation)          [   ]  415.95 (business organization, form unknown)
    [   ]  416.20 (defunct corporation)        [   ]  416.60 (minor)
    [   ]  416.30 (joint stock company/association)   [   ]  416.70 (ward or conservatee)
    [   ]  416.40 (association or partnership)     [   ]  416.90 (authorized person)
    [   ]  416.50 (public entity)           [   ]  415.46 (occupant)
    [   ]  other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*3439069*
*(828189)*
**Page 1 of 2**

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| CALLAHAN THOMPSON SHERMAN & CAUDILL<br>ANNETTE C. CLARK, ESQ. (208216)<br>1230 COLUMBIA STREET, SUITE 930<br>SAN DIEGO, CA 92101<br>  Telephone No:  619-232-5700<br><br>  Attorney For:  Plaintiff<br><br>Ref. No. or File No.:<br>PLF.0180013 | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| ORANGE COUNTY SUPERIOR COURT-CIVIL COMPLEX CENTER |

| Plaintiff:  DANIEL CHAVEZ, on behalf of himself and all others similarly situated |
|---|
| Defendant:  CHARTER COMMUNICATIONS, LLC, a Delaware corporation, et al. |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>30-2019-01073793-CU-OE-CXC |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                Michael Morris
    b.  Address:          **FIRST LEGAL**
                           1111 6th Avenue, Ste. 204
                           SAN DIEGO, CA 92101
    c.  Telephone number:   (619) 231-9111
    d.  **The fee** for service was:  $116.90
    e.  I am:
        (1)  ☐   not a registered California process server.
        (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒   a registered California process server:
            (i)   ☐ owner   ☐ employee   ☒ independent contractor
            (ii)  Registration No:   2102-33
            (iii)  County:   Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/06/2019
*(Date)*

Michael Morris



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*3439069*
*(828189)*
Page 2 of 2

<table>
<tr>
<td>

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:
  Annette C. Clark, Esq. (SBN 208216) Ryan J. Carlson, Esq. (SBN 308270)

  Callahan, Thompson, Sherman & Caudill, LLP, 1230 Columbia St., Ste. 930, SD, CA 92101

Telephone No.: (619) 232-5700          Fax No. (Optional): (949) 261-6060
E-Mail Address (Optional): aclark@ctsclaw.com;
ATTORNEY FOR *(Name)*: Plaintiff Daniel Chavez, et al.          Bar No:

</td>
<td>

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/11/2019** at 11:28:00 AM
Clerk of the Superior Court
By Olga Lopez, Deputy Clerk

</td>
</tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Daniel Chavez, et al.

DEFENDANT / RESPONDENT: Charter Communications, LLC

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE** | CASE NUMBER: 30-2019-01073193-CU-OE-CXC |
|---|---|
| ***(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*** | DEPT: CX-104<br>JUDGE: Hon. William D. Claster<br>STATUS CONFERENCE DATE: |

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1.  Is any proposed class representative an attorney?          Yes _____     No _✔_

2.  Is any proposed class representative a spouse, child or family
member of plaintiff's counsel or of a partner or associate of the
law firm of which plaintiff's counsel  is a member?          Yes _____     No _✔_

    If yes, explain relationship: _____

3.   Within the last 5 years, has any proposed class representative filed
prior class action lawsuits using the same plaintiff's counsel or firm
as in the present case?          Yes _____     No _✔_

    If yes, explain: _____

4.  Does any proposed class representative have a business relationship
with plaintiff's counsel, including but not limited to, the relationship
of law partner, associate,  employee, principal, agent, independent
contractor, or professional corporation?          Yes _____     No _✔_

    If yes, explain relationship: _____

5.  If there is co-counsel, have the attorneys been co-counsel
in other class actions?          Yes _____     No _✔_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true
and correct.

June 6, 2019
_____          _____
**DATE**                                               **SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277  [New June 1, 2005]

For your protection and privacy, please press
the CLEAR THIS FORM button after you have
printed the form

Print This Form
Clear This Form

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA    )
                                              )
COUNTY OF SAN DIEGO  )

3

4

I am employed in the County of San Diego, State of California, I am over the age of 18 years and not a party to the within action; my business address is 1230 Columbia St., Ste 930, San Diego, California.

5

6

On this date, June 11, 2019, I served the foregoing document described as:

7

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

8

I enclosed a true copy of said documents in a sealed envelope or package addressed to the persons noted below.

9

Agent for Service of Process for: **CHARTER COMMUNICATIONS, LLC**

10

CSC LAWYERS INCORPORATING SERVICE
2710 Gateway Oaks, Drive, Suite 150N
Sacramento, CA 95833

11

12

**X**    (By United States Mail)  I placed the envelope for collection and mailing, following our firm's ordinary business practices.  I am familiar with our firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13

14

15

Executed on June 11, 2019, at San Diego, California.

16

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

17

18

*Stephanie Y. Carter*
_____
Stephanie Y. Carter

19

20

21

22

23

24

25

26

27

28

CTSC|law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:
  Annette C. Clark, Esq. (SBN 208216) Ryan J. Carlson, Esq. (SBN 208270)

  Callahan, Thompson, Sherman & Caudill, LLP, 1230 Columbia St., Ste. 930, SD, CA 92101

Telephone No.: (619) 232-5700          Fax No. (Optional): (949) 261-6060
E-Mail Address (Optional): aclark@ctsclaw.com;
ATTORNEY FOR *(Name)*: Plaintiff Daniel Chavez, et al.          Bar No:

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/11/2019** at 11:28:00 AM

Clerk of the Superior Court
By Olga Lopez, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Daniel Chavez, et al.

DEFENDANT / RESPONDENT: Charter Communications, LLC

## CLASS ACTION/B&P 17200 QUESTIONNAIRE

***(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)***

CASE NUMBER: 30-2019-01073193-CU-OE-CXC

DEPT: CX-104

JUDGE: Hon. William D. Claster

STATUS CONFERENCE DATE:

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?          Yes _____   No _✔_

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes _____   No _✔_

    If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?          Yes _____   No _✔_

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes _____   No _✔_

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?          Yes _____   No _✔_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

June 6, 2019
**DATE**

**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

## CLASS ACTION/B&P 17200 QUESTIONNAIRE

Approved for Mandatory Use
L277  [New June 1, 2005]

For your protection and privacy, please press the CLEAR THIS FORM button after you have printed the form

Print This Form

Clear This Form

**PROOF OF SERVICE**

1

2    STATE OF CALIFORNIA    )
                           )
3    COUNTY OF SAN DIEGO  )

4    I am employed in the County of San Diego, State of California, I am over the age of 18 years and
     not a party to the within action; my business address is 1230 Columbia St., Ste 930, San Diego,
5    California.

6    On this date, June 11, 2019, I served the foregoing document described as:

7              **CLASS ACTION/B&P 17200 QUESTIONNAIRE**

8    I enclosed a true copy of said documents in a sealed envelope or package addressed to the
     persons noted below.

9          Agent for Service of Process for: **CHARTER COMMUNICATIONS, LLC**

10         CSC LAWYERS INCORPORATING SERVICE
11         2710 Gateway Oaks, Drive, Suite 150N
           Sacramento, CA 95833

12    __X__   (By United States Mail)  I placed the envelope for collection and mailing, following our
      firm's ordinary business practices.  I am familiar with our firm's practice for collecting and
13    processing correspondence for mailing.  On the same day that correspondence is placed for
      collection and mailing, it is deposited in the ordinary course of business with the United States
14    Postal Service, in a sealed envelope with postage fully prepaid.

15    Executed on June 11, 2019, at San Diego, California.

16         I declare under penalty of perjury under the laws of the State of California that the above
      is true and correct.  I further declare that I am employed in the office of a member of the bar of
17    this court at whose direction the service was made.

18                                        _Stephanie Y. Carter_____
19                                             Stephanie Y. Carter

20

21

22

23

24

25

26

27

28